**Samuel B. LOUDER, Petitioner,**

v.

**Ray H. PAGE, Warden and the State of Oklahoma, Respondents.**

**No. A–14459.**

Court of Criminal Appeals of Oklahoma.

July 3, 1968.

Samuel B. Louder, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

### MEMORANDUM OPINION

BUSSEY, Judge.

Samuel B. Louder, petitioner herein, has filed an application in this Court seeking a post conviction review of his convictions in the District Court of Hughes County, case no. 3358, and the District Court of Lincoln County, case no. C3260. Petitioner also seeks an order of this Court directing the preparation of casemades at public expense and directing the appointment of counsel to represent him on appeal. According to the petitioner's allegations, he was sentenced in

Hughes County District Court, case no. 3358, on the 19th day of June, 1967, and in the District Court of Lincoln County, case no. C3260, on the 26th day of April, 1967. Petitioner states that he was represented by counsel of his own choice in both of the above styled and numbered causes and that he intended to appeal these convictions but ran out of money and was unable to do so. Petitioner further states that he never requested a casemade at public expense or the appointment of counsel to represent him on appeal in either of the trial courts. No exhibits are attached, nor does the petitioner state or allege in what manner he was denied any of his constitutional or statutory rights relating to an appeal.

The Attorney General has provided this Court with photostatic copies of correspondence between the petitioner and the District Judge of Lincoln County, wherein petitioner, in a letter dated September 6, 1967, and filed in the District Court of Lincoln County on the 11th day of September, 1967, requests that the court contact his chosen counsel and instruct him to correspond with the petitioner concerning the money needed in order to purchase a casemade and perfect an appeal. The trial court, in a letter dated September 9, 1967, advised the petitioner of his rights relating to an appeal and further advised him that if he were an indigent person, the casemade would be provided at public expense, but that the time within which an appeal could be perfected to this Court would expire on October 26, 1967. No further correspondence was had between petitioner and the trial court until his letter dated October 16, 1967. This letter was filed in the District Court of Lincoln County on October 18, 1967. The letter recited "I have been to court twice since I was in your court and have used all the funds I had and also what influence was available, so now I am a Pauper and have no funds, property, or securities to aid me in perfecting my appeal, so due to the above true statements, I sincerely hope you will provide me with good counsel and my case-

made at the expense of the court." He further stated that he would like an extension of time in order to secure counsel to investigate the case and to allow the court reporter sufficient time to perfect an appeal. The trial court treated the petitioner's letter as an application for casemade at public expense and as an application to appoint counsel to represent petitioner and the same was set for hearing on the 23rd day of October, 1967. The State of Oklahoma filed a Response setting forth the fact that only three days remained within which a casemade could be perfected and that it was impossible for the court reporter to complete the same within that time, and further stating that at the time of rendition of judgment and sentence the petitioner was represented by counsel of his own choice and had at that time ample money to pay for perfecting an appeal to this Court, but may have subsequently spent the same. At the conclusion of the hearing, on October 23, 1967, the trial court entered an order denying the preparation of casemade at public expense and the appointment of counsel.

There is no record before us as to what transpired in the District Court of Hughes County, save and except petitioner's allegation that he never requested the preparation of casemade at public expense, or the appointment of counsel, and that he was represented throughout the proceedings by an attorney of his own choice.

From the foregoing record we are unable to see that the petitioner has alleged or proven how the State of Oklahoma denied him any of his rights relating to an appeal. Although advised of his right to casemade at public expense and the appointment of counsel if petitioner could show his poverty in September, 1967, the petitioner waited until ten days prior to the expiration of that time to write the trial judge and make such request.

We have repeatedly held that one seeking an appeal to this court, whether indigent or able to pay for the casemade, must order the preparation of casemade a

sufficient length of time prior to the expiration of the time within which the appeal can be lodged to allow the court reporter sufficient time to prepare the same, and that the trial court is without authority of law to extend the statutory time within which an appeal can be perfected. In the instant case petitioner's failure to request a casemade at public expense and the appointment of counsel a sufficient length of time prior to the expiration of the time within which the same could have been provided, could not reasonably be construed as a denial by the State of any of his constitutional or statutory rights relating to an appeal, but illustrate laches on his part.

Moreover, it is significant at the time of the rendition of the judgments and sentences against the petitioner, he had sufficient funds to defray the cost of perfecting an appeal, but elected to expend these funds in subsequent criminal proceedings against him.

We also observe that in his letter dated September 6, 1967, petitioner indicated his intention to post bonds in all the criminal cases pending against him and further indicated he was able to defray the cost of not only the casemade, but a copy of the transcript of the preliminary hearing. Moreover, we observe that petitioner's application for post conviction appeals is accompanied by a pauper's affidavit, but in a Motion filed in this Court on the 14th day of May, 1968, petitioner seeks an order of this Court directing that he be present, *at his own expense*, at a hearing on his application for post conviction appeals.

Under the record before us, we are of the opinion that petitioner has failed to show good cause why his appearance at a hearing would be beneficial either to the petitioner or the Court.

Having concluded that the petitioner was not denied any of his statutory or constitutional rights relating to appeals from his convictions in the District Court of Lincoln County, case no. C3260, and the District Court of Hughes County, case no.

3358, we are of the opinion that the relief prayed for should be, and the same is hereby, Denied. Writ of habeas corpus and/or post conviction appeals denied.

NIX, P. J., and BRETT, J., concur.